**Maria G. BARAJAS, Petitioner,**

**v.**

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–73973.

Agency No. A73–422–755.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.**

Decided May 12, 2005.

Martha L. Cordoba, Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Mary Jane Candaux, Anh–Thu P. Mai, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM***

Maria G. Barajas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision affirming an Immigration Judge's ("IJ") order denying her application for suspension of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Reviewing for substantial evidence, *see id.* at 1151, we grant the petition for review.

■ The IJ erred by requiring corroborating documentation regarding physical presence. *See Vera–Villegas v. INS*, 330 F.3d 1222, 1225 (9th Cir.2003) ("the time element of an alien's residency, like all

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

other elements in immigration hearings, may be shown by credible direct testimony or written declarations"). Barajas provided documentation of her employment beginning in 1993. To establish her physical presence from 1989 to 1993, Barajas offered her testimony, as well as the testimony of her aunt and uncle, and a written affidavit from Hilaria Barajas Ramirez. As the IJ did not make an explicit adverse credibility finding, she erred in concluding that Barajas failed to establish seven years of continuous physical presence in the United States merely based upon Barajas's failure to provide additional documentation. *See Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 854–55 (9th Cir.2004) (finding that where IJ failed to make an adverse credibility determination, alien's testimonial evidence was sufficient to establish requisite continuous presence).

■ As the IJ found that Barajas was of good moral character and that she had established the requisite hardship, we remand so that the Attorney General may exercise his discretion whether to grant suspension of deportation. *See Kalaw,* 133 F.3d at 1152.

**PETITION FOR REVIEW GRANTED.**